# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

CHRISTIAN WALKER,

    Petitioner,

vs.

BRIAN WILLIAMS, et al.,

    Respondents.

Case No. 2:08-CV-01551-PMP-(GWF)

**ORDER**

        The court granted in part respondents' motion to dismiss (#43), finding that petitioner had not exhausted his state-court remedies for some grounds and also finding that petitioner had procedurally defaulted some other grounds. Currently before the court is petitioner's motion for partial dismissal and response to court's order (#49), and respondents have filed an opposition (#50). Under the circumstances of this case, petitioner's requested relief could result in piecemeal litigation of his habeas corpus petition, and the court will deny the motion (#49).

        Petitioner asks the court to voluntarily dismiss the unexhausted grounds, while still reserving the right to appeal the determination that the grounds were unexhausted. The court found that grounds 4(f) and 5 are unexhausted; ground 8, a claim of cumulative error, is also unexhausted to the extent that it incorporates the claims in grounds 4(f) and 5. Ground 4(f) is a claim that trial counsel provided ineffective assistance by not challenging the instruction to the jury regarding aiding-and-abetting liability. Ground 5 is a claim that appellate counsel provided ineffective assistance by not framing the issues on appeal as issues of federal law.

The one habeas corpus case that petitioner cites, Lyons v. Crawford, 232 F.3d 666, 670 (9th Cir. 2000), amended, 247 F.3d 904 (9th Cir. 2001), does not support petitioner's requested procedure. In Lyons, this court determined that Lyons had presented a mixed petition, with six claims not exhausted in the state courts. Upon Lyons' request, this court dismissed the action in its entirety, and Lyons appealed. 232 F.3d at 667-68. The court of appeals affirmed this court's determination that the six claims were not exhausted. Id. at 670. In its order amending the opinion, the court of appeals then remanded to this court for Lyons to proceed on the exhausted claims. 247 F.3d at 904. In other words, the court of appeals decided the issue of exhaustion before this court decided the merits of the exhausted grounds in Lyons' petition.[1] Petitioner asks the court to decide the merits of the exhausted grounds of his first amended petition (#22) before the court of appeals decides the issue of exhaustion.

The court is not persuaded by petitioner's argument that the court followed a similar procedure in Castro v. Schomig, 2:04-CV-01652-RLH-(RJJ). In Castro, the parties fully briefed the merits of the petition, and then the court on its own motion raised the issue of whether all the grounds were exhausted. The court then determined that Castro had not exhausted all the grounds. After Castro asked to dismiss the unexhausted grounds and to reserve the right to appeal the court's determination that the grounds were unexhausted, the court dismissed the grounds and noted that the dismissal was the result of a contested issue. The court granted a certificate of appealability on the issue of exhaustion. The court of appeals considered the exhaustion issue and affirmed this court.

The circumstances of this action persuade the court that if petitioner wants to appeal the court's determination that grounds 4(f), 5, and part of 8 are unexhausted, then he needs to request a voluntary dismissal of this action and appeal, like what happened in Lyons. Exhaustion is not the only outstanding procedural issue in this action. The court has also determined that grounds 1(b) and 6 are procedurally defaulted. Ground 6 is a claim that the trial court incorrectly instructed

---

[1] Ultimately, this court denied relief upon the exhausted grounds, and the court of appeals denied a certificate of appealability. Lyons v. Crawford, Case. No. 3:98-CV-00455-ECR-(RAM), Docket #68, 77.

the jury on aiding-and-abetting liability; it is the claim that underlies the ineffective-assistance claim in the unexhausted ground 4(f). Ground 1 is a claim that (a) the trial court violated Nev. Rev. Stat. § 48.045 in admitting evidence of petitioner's prior bad acts, and (b) that that violation of state law also violated the Due Process Clause of the Fourteenth Amendment. Petitioner's argument for cause to excuse the procedural default is the same claim of ineffective assistance of counsel that exists in ground 5. As the court noted when granting the motion to dismiss, an unexhausted claim cannot be cause to excuse procedural default. Order, pp. 6-7 (#46) (citing Murray v. Carrier, 477 U.S. 478, 488-89 (1986)). The dismissal of ground 5 thus would lead to the dismissal of grounds 1(b) and 6 as procedurally defaulted. The dismissal of ground 1(b) would necessarily lead to the dismissal of all of ground 1, because what remains after the dismissal of the due process claim in ground 1(b) is a non-addressable claim that the state courts violated state law on admissibility of evidence. See Estelle v. McGuire, 502 U.S. 62, 67-68, 75 (1991). Consequently, the voluntary dismissal of ground 5 would lead to the dismissal of grounds 1 and 6.[2] If the court ultimately denies what is left of the first amended petition (#22) on the merits, and if on appeal the court of appeals reverses this court's determination that grounds 4(f) and 5 are unexhausted, not only would that reversal lead to further litigation on those grounds, but the reversal would also revive the procedural-default issue regarding grounds 1 and 6, because this court would then need to consider whether the ineffective-assistance claim in ground 5 is cause to excuse the procedural default of grounds 1 and 6. Petitioner's requested procedure could lead to the piecemeal litigation that the exhaustion requirement is intended to reduce. See Burton v. Stewart, 549 U.S. 147, 154 (2007) (citing Duncan v. Walker, 533 U.S. 167, 180 (2001)). If petitioner wishes to appeal the court's determination that grounds 4(f), 5, and part of 8 are not exhausted, then he will need to request a voluntary dismissal of the entire action.

IT IS THEREFORE ORDERED that petitioner's motion for partial dismissal and response to court's order (#49) is **DENIED**.

---

[2] Petitioner's declaration, attached to the motion for partial dismissal (#49), shows no evidence that he considered the full effects of voluntarily dismissing ground 5.

1     IT IS FURTHER ORDERED that petitioner shall have thirty (30) days from the date
2 of entry of this order to file a motion for dismissal without prejudice of the entire petition, for other
3 appropriate relief, or to file an amended petition that deletes all currently unexhausted claims.
4 Within ten (10) days of filing such motion or amended petition, petitioner must file a signed
5 declaration under penalty of perjury pursuant to 28 U.S.C. § 1746 that he has conferred with his
6 counsel in this matter regarding his options, that he has read the motion, and that he has authorized
7 that the relief sought therein be requested.  Failure to comply with this order will result in the
8 dismissal of this action.

    DATED:  October 6, 2010.

_____
PHILIP M. PRO
United States District Judge